# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                               Tel: 718-740-1000
Email: abdul@abdulhassan.com                                            Fax: 718-740-2000
*Employment and Labor Lawyer*                                  Web: www.abdulhassan.com

May 18, 2018

**Via ECF**

Hon. Paul G. Gardephe, USDJ
United States District Court, SDNY
40 Foley Square, Courtroom 705
New York, NY 10007

<u>Re: **Brian Medina v. Arqenta Inc.**</u>
**Case No. 17-CV-08309 (PGG)(DCF)**
**Motion for Settlement**

Dear Judge Gardephe:

  My firm represents plaintiff Brian Medina ("Plaintiff" or "Medina") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Defendant Arqenta Inc. (hereinafter "Defendant"), and Plaintiff, both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the fully-executed settlement agreement.

  The claims are more fully set forth in the complaint. (See ECF No. 1). In essence however, Plaintiff brought claims for unpaid wages under the FLSA and NYLL.

  Based on the allegations in the complaint, Plaintiff claims wages of approximately $11.25/hr. x 11.5hrs/wk x 53wks = $6,856. In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. It is Defendant's position that if Plaintiff is owed overtime wages, based on Defendant's records, such wages would be about $700.

  Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

By way of further background, Magistrate-Judge Freeman conducted several telephone mediations with the attorneys in an attempt to settle the matter – those discussions played a significant role in the eventual settlement number of $27,500.

Under the settlement Plaintiff will is due to receive $18,025 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 2(a-c)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $9,012 after reimbursement of $463 in costs. (Ex. 1 ¶ 2(c))[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Guillen v. 1234 Shakespeare Realty LLC et al*, Case No. 17-cv-00862, ECF No. 33, (Judge Gardephe – SDNY January 29, 2018); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive a lot less. Second, the amount Plaintiff is due to receive under the settlement, exceeds the amount of FLSA-protected wages Plaintiff is claiming. Third, there appears to be a desire by all parties to

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is kindly requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:** **Defense Counsel via ECF**